## John McCann's Appeal.

## Edwin S. Glanz's Estate.

Claims against the estate of a decedent may be proved by oral evidence of declarations or admissions, if they are so clear, positive, and specific as to establish the validity of the claims.

In the absence of testimony showing that the sum allowed an auditor in a case was unreasonable this court will not assume it to be excessive.

(Argued March 7, 1887. Decided March 21, 1887.)

January Term, 1886, No. 424, E. D., before MERCUR, Ch. J., PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Northampton County dismissing exceptions to the report of an auditor distributing the estate of decedent. Affirmed.

Edwin S. Glanz, a liquor dealer, died intestate, June 3, 1884, leaving to survive him a widow, Mary A. Glanz, one minor child, his mother, Elizabeth Glanz, and a sister, Mrs. Sarah Gernet.

Letters of administration were granted to his widow, whose account, showing receipts of $8,528.16, was duly filed and confirmed.

D. W. Nevin, Esq., was appointed auditor, to examine the account and make distribution of the balance in the hands of the administratrix. Such balance was not sufficient to pay all the claims presented against the estate, nor the amount of those found due and owing by the auditor; and he distributed the balance *pro rata* among the creditors, whose claims were allowed.

To the auditor's report John McCann, a creditor of the deceased, filed exceptions, *inter alia,* to the allowance of the claims of Mrs. Elizabeth Glanz and Robert Gerver; to the action of the

NOTE.—Other cases in which the proof of admissions and declarations of a decedent was held sufficient to support the claim are found in Haas's Estate, 18 Phila. 185, 3 Pa. Co. Ct. 345; Arnold's Estate, 5 Phila. 215; Burton's Estate, 3 Pa. Dist. R. 755, 15 Pa. Co. Ct. 367; Shirk's Appeal, 13 Cent. Rep. 77, 14 Atl. 413; Robert's Appeal, 126 Pa. 102, 17 Atl. 538.

auditor in refusing to surcharge the administratrix and in allow-
ing the balance of the widow's exemption to Mary A. Glanz out
of the balance for distribution, and also to the auditor's fee of
$275, as exorbitant and excessive and not within the limits of
the act of assembly regulating the compensation of auditors ap-
pointed by the orphans' court.

The facts in relation to these claims are as follows:

The claim of Elizabeth Glanz was made up of a note given by
Edwin S. Glanz for $500, $90 for money loaned, and a $1,000
4 per cent bond, of the value of $1,217.50. No objection was
made to the claim on the note for $500. The auditor rejected
the claim for $90, money loaned, not considering it sufficiently
proven. In allowing the claim for the bond the auditor based
his decision upon the following evidence:

Mrs. Sarah Gernet testified as follows:

"I live with my mother on Ferry street. Ed. came to my
mother's house, and asked where mother was, and I said she was
up-stairs. He went up-stairs, and I had occasion to go up-
stairs, and saw the bond on the bed. He came down shortly
after, and I saw him have the bond in his hand. I saw him have
the $1,000 bond. I just came up as she had gotten it out of the
box and laid it on the bed. It was a $1,000 bond. He had it in
his hand when he came down-stairs, and came out in the kitchen
where I was, and he said, 'this is a heavy load off my mind.'
I said, 'Did mother give you the bond?' and he said, 'Yes.' I
asked him if that would see him through and he said it would,
and he went out of the door."

The same witness on being recalled a few days later, testified
as follows: "When he got the bond he said: 'Mother, I will
pay you in small amounts every week;' and then he asked her if
that would do, and she said yes; when he came he asked for the
money as a loan."

On cross-examination she testified: "This took place the
same day that he got the bond; it was when I was up-stairs, be-
fore she gave him the bond; it was when I saw the bond lying
on the bed, I saw her give the bond to him, that is, I saw the
bond in his hand when he came down-stairs, and he said
he would pay her so much every week; and he asked her if that
would do, and he said he would pay it back as soon as possible."

Charles B. Hetrick, to prove the value of the bond, testified as
follows: "On May 14, 1884, Edwin Glanz came to our office

with a $1,000 4 per cent government coupon bond, and we bought it from him for 1.21¾ and gave him a check for $1,217.50."

A part of the claim of Robert Gerver consisted of a balance due on a book account, for liquor sold. Objection was made to the allowance of this claim, on the ground that Robert Gerver was a retail liquor dealer, and the charges being made of whole-sale quantities it could not be recovered. The auditor refused to sustain this objection for the reason that if Gerver violated the law, he was subject to its penalties; but in no case did he forfeit his claim until a conviction should be had under the law.

Counsel for exceptant offered to prove before the auditor that, subsequent to the confirmation of the account, evidence was discovered that the entire assets of the decedent's estate were not accounted for by the accountant, and asked to surcharge her with such property and moneys remaining in her hands unaccounted for. To this offer the administratrix objected:

The auditor sustained the objection for the reason that the account was confirmed absolutely; and the auditor, having been appointed to distribute the balance in the account, could only inquire as to such matters as relate to distribution, and not to such matters as affect an account already confirmed, to which no exceptions were filed before the appointment of the auditor.

After hearing the exceptions to the report of the auditor, the following opinion of the court was delivered by SCHUYLER, P. J.:

To this report eleven exceptions were filed, but they were not all pressed at the argument. Those that were pressed may be disposed of with but brief comment without injustice to the exceptants. If the testimony of Mrs. Gernet is to be believed, there was no error in allowing the claim of Mrs. Elizabeth Glanz. It is true that Mrs. Gernet is the daughter of Mrs. Glanz. It is also true that she had to be called to the stand a second time, after an interval of several weeks, to supply defects in her first testimony. But these were circumstances that go exclusively to her credibility, which was for the auditor. Clearly, upon such grounds alone, we would have no right to say that this witness is unworthy of belief, when the auditor, with far better opportunities of judging, says to the contrary.

The claim of Robert Gerver is made up of a number of items

which are objected to in a lump. The argument for exceptants, however, was chiefly directed against the allowance of the balance of $31.86 on book account for liquors sold. It seems that these liquors were sold in wholesale quantities, and that Mr. Gerver had no wholesale liquor license, he being at the time of the sale a hotel keeper. The allowance of this part of Mr. Gerver's claim is resisted, solely upon the ground that the liquor was sold in violation of a statute of the United States (Rev. Stat. § 3242, U. S. Comp. Stat. 1901, p. 2094), which provides that every person who carries on the business of wholesale liquor dealer without having paid a license shall be fined not less than $1,000, and imprisoned not less than six months.

It will be noticed that the penalty is annexed, not to the act of selling, but to the carrying on of the business of wholesale liquor selling. It is a sufficient answer to the position of the learned counsel for the appellants to say that there is no evidence that Mr. Gerver "carried on the business of wholesale liquor dealer." From all that appears these sales to Glanz were the only sales of this character ever made by Gerver; and if so, we think the act of Congress has no application. See Rahter v. First Nat. Bank, 92 Pa. 393.

Whether or not the payments made to Gerver were sufficient to cancel the balance claimed by him is a question of fact. The fact has been found against the exceptant; and we have not been convinced that the auditor committed error in so doing.

The account having been confirmed absolutely, the auditor was appointed for the sole purpose of distribution. He therefore very properly refused to inquire into the question of surcharge. That was a matter over which he had no jurisdiction.

The last exception is to the auditor's compensation. This is an indirect way of "swearing at the judge,"—a not unusual practice when parties lose their cases. The excellent character of the learned auditor for integrity is of weight in the balance when weighing this question of the compensation charged by him. But, outside of this, we think this charge not unreasonable. In addition to the evidence furnished by the notes of audit and the report, it was stated at the argument, in the presence of the counsel for exceptants, and not denied, that in passing upon the numerous questions of fact it became necessary to make long and tedious examinations of books of account, which greatly added to the labors of the auditor.

And now, September 28, 1885, the exceptions are dismissed and the report confirmed.

The assignments of error specified the action of the court in dismissing the exceptions to the report of the auditor and confirming the same.

*William Gorman,* for appellant.—It is a rule of reason and therefore of law that where a witness varies in his statement of the same transaction in material particulars at different periods the testimony is to be greatly doubted. Com. v. Sallager, 3 Clark (Pa.) 127.

From the testimony given by the daughter on the first day this claim of the mother would be considered under the law either a gift out and out or an advancement; for the law recognizes the natural affection which prompts the parent to make voluntary provision for children by anticipating in their favor the distribution of the patrimonial estate before death. Abbott, Trial Ev. pp. 150, 151, and cases cited.

In the absence of qualifying and contrary evidence a delivery of personal property by a parent to a child will be regarded as a gift or advancement. Whitfield v. Whitfield, 40 Miss. 352; Young v. Glendenning, 6 Watts, 509, 31 Am. Dec. 492.

SHARSWOOD, J., in Pollock v. Ray, 6 W. N. C. 60, says: "Claims of this character against the estates of decedents resting on mere oral testimony of declarations or admissions are very dangerous, and ought certainly not to be favored by the courts." See also Graham v. Graham, 34 Pa. 480.

The claim of Robert Gerver raises the question whether the court will help a retail liquor dealer to recover for goods sold by wholesale, such retailer having no license as a wholesaler.

The proof before the auditor was that Robert Gerver was a retail liquor dealer and that he sold liquor to decedent in barrels and quantities not authorized by his license.

The Revised Statutes, p. 624, § 3232, U. S. Comp. Stat. 1901, p. 2091, provides: "No person shall be engaged in or carry on any trade or business hereinafter mentioned until he has paid a special tax therefor in the manner hereinafter provided."

Section 3242, U. S. Comp. Stat. 1901, p. 2094, provides: "Every person who carries on the business of rectifier, whole-

sale liquor dealer, retail liquor dealer, or manufacturer of stills, without having paid the special tax as required by law, shall for every such offense be fined not less than $1,000 nor more than $5,000, and be imprisoned not less than six months nor more than two years; and all distilled spirits or wines and all apparatus fit or intended to be used for the distillation or rectification of spirits or the compounding of liquors owned by such persons, wherever found, and all distilled spirits or wines and personal property found in the rectifying establishment, or in any building, room, yard, or inclosure connected therewith and used with or constituting a part of the premises, shall be forfeited to the United States."

Section 3244, U. S. Comp. Stat. 1901, p. 2096, defines those who are retail and who are wholesale dealers, under which latter class it is conceded Gerver must bring himself, in order to sell in the quantities for which he makes his charges against the decedent.

Under the proof he is not a wholesale dealer, only having a retail dealer's license.

Under this law Gerver is prohibited: first, from carrying on business as a wholesale dealer; and second, a penalty is prescribed in case he does carry it on.

If a statute inflicts a penalty for doing an act, the penalty implies a prohibition; and the thing is unlawful though there be no prohibitory words in the statute. Potter's Dwarr. Stat. p. 161. See also Mitchell v. Smith, 1 Binn. 110, 2 Am. Dec. 417; Parsons, Contr. 458; 1 Story, 615, and Roby v. West, 4 N. H. 285, 17 Am. Dec. 423.

Every contract, says Chief Justice HOLT, made for or about any matter or thing which is prohibited and made unlawful by any statute is a void contract, although the statute itself does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, although there are no prohibitory words in the statute. See case Mitchell v. Smith, 1 Binn. 110, 2 Am. Dec. 417, cited and approved 2 Serg. & R. 196; 4 Serg. & R. 159; 80 Pa. 28; 81 *Pa. 127; 73 Pa. 201, and cases cited in 17 Am. Dec. 423.

The lower court was asked, having all the parties before it, to make such order in the premises as would do substantial justice to all the parties. It refused. We submit that this was error. McGettrick's Appeal, 98 Pa. 9.

*B. F. Fackenthall, P. C. Evans,* and *Aaron Goldsmith,* for appellees.—The finding of an auditor upon the facts which has been approved by the court below will not be disturbed upon appeal, except for flagrant error. Burroughs's Appeal, 26 Pa. 264; Loomis's Appeal, 22 Pa. 312; Bull's Appeal, 24 Pa. 286; Gilbert's Appeal, 78 Pa. 266.

Rahter v. First Nat. Bank, 92 Pa. 393, held that the United States statutes did not prohibit the sale of whisky, but only imposed a penalty for their violations, and that therefore the sale was not void and the price could be recovered.

A person not licensed as a broker may, nevertheless, recover the compensation agreed to be paid for negotiating a sale, although he may have rendered himself liable to the penalty of $500 for acting without a license. Shepler v. Scott, 85 Pa. 329; Justice v. Rowand, 10 Phila. 623.

The neglect or refusal of a wholesale dealer to pay the internal revenue tax imposed by the United States Revised Statutes does not invalidate sales made by him during the period of his default, or prevent his recovery of the price of the goods sold. Larned v. Andrews, 106 Mass. 435, 8 Am. Rep. 346.

PER CURIAM:

It is true that claims against the estate of a decedent proved by oral evidence of declarations or admissions should be carefully scanned; yet they may be so clear, positive, and specific as to establish the validity of the claims. In this case the evidence was sufficient to satisfy the auditor and the court; and we discover no error in their conclusions.

The evidence furnished does not show us the extent of the services rendered by the auditor. In the absence of testimony showing that the sum allowed was unreasonable, we will not assume it to be excessive.

Decree affirmed and appeal dismissed, at the costs of the appellant.